UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                     Case No. 3:16-cr-373

                 Plaintiff,

     v.                                                 MEMORANDUM OPINION
                                                           AND ORDER

Daniel Hallingshead,

                 Defendant.

## I.     INTRODUCTION AND BACKGROUND

*Pro se* defendant Daniel Hallingshead, an inmate at FCI Hazelton in Bruceton Mills, West Virginia, has filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), by modifying his sentence and placing him on home confinement for the remainder of his prison term. (Doc. No. 106). The government opposes, arguing Hallingshead has not met his burden of establishing he is entitled to a modified sentence. (Doc. No. 107). Hallingshead filed a reply brief in support of his motion, (Doc. No. 114), as well as a supplemental letter describing the ordeal of another inmate in his unit who, Hallingshead alleges, the staff at FCI Hazelton failed to adequately treated for Covid-19 before the inmate ultimately died. (Doc. No. 115). The government also has filed a notice of supplemental authority, describing its position regarding recent Sixth Circuit caselaw. (Doc. No. 116).

On November 23, 2016, a grand jury returned a 29-count indictment against Hallingshead and four co-defendants arising out of a criminal conspiracy to sell heroin and 3-methylfenanyl.

(Doc. No. 8). Hallingshead was charged with one count of conspiring to possess and distribute those controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846, six counts of possessing heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), one count of possessing heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1)( and (b)(1)(B), and two counts of possessing 3-methylfentanyl with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) . (*Id.*). Hallingshead pled guilty to all ten counts on August 30, 2017. I subsequently sentenced him to a total of 192 months in prison, to be followed by a total of 5 years on supervised release. (Doc. No. 101). Hallingshead did not appeal.

Hallingshead requests that his sentence be modified so that he can serve the remainder of his prison term on home confinement, or an order that he be placed on home detention until after the pandemic has passed. (Doc. No. 106 at 2). He asserts his pre-existing medical conditions of obesity and hypertension increase his risk of serious complications if he contracts Covid-19. (Doc. No. 106-3 at 1). The government contends Hallingshead has not identified extraordinary and compelling reasons to justify a modification of his sentence and that a reduced or modified sentence would not be consistent with federal law. (Doc. No. 107).

## II.     ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

2

Hallingshead has complied with § 3582's exhaustion requirement by waiting more than 30 days after he submitted his compassionate release request to the warden's office at FCI Hazelton before filing his motion for compassionate release. (*See* Doc. No. 106-3 at 1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider whether all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Defendants seeking to establish they are entitled to compassionate release have the burden of demonstrating "extraordinary and compelling reasons" justify a sentence reduction. 18 U.S.C. § 3582(c)(1). The Centers for Disease Control have found obesity increases an individual's risk of serious complications while hypertension may do so. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The government does not concede that Hallingshead's medical conditions constitute extraordinary and compelling reasons to justify a modified sentence and notes that, at the time it filed its response, there were few cases of Covid-19 within the institution. (Doc. No. 107 at 14-16).

Even if Hallingshead has met his burden of showing extraordinary and compelling reasons, however, I conclude he fails to show a sentence reduction would be consistent with § 3142(g) or 18 U.S.C. § 3553(a). The BOP calculates Hallingshead's release date as July 31, 2030, which means he

still has to serve 114 months, or 59%, of the 192-month sentence I imposed after Hallingshead pled guilty to leading a drug trafficking conspiracy which distributed over a kilogram of heroin, as well as 3-methylfentanyl, in the Sandusky, Ohio area for more than a year. (*See* Doc. No. 65 at 6-8).

The investigation into the conspiracy revealed a number of overdoses tied to the drugs Hallingshead and his co-defendants distributed, some of which were fatal. Hallingshead also had at least 9 convictions as a juvenile and an adult before he turned 20 years old. I acknowledge Hallingshead has been faced with difficult challenges in his life, including a history of sexual abuse and drug abuse, (*see* Doc. No. 91 at 22), and have no reason to doubt his concerns for his health are both sincere and substantial, particularly in light of his description of the suffering endured by another inmate in his unit who allegedly died from Covid-19. (Doc. No. 115). I conclude, however, he has not shown that a reduced sentence would be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offense of conviction, his significant criminal history, and the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law.

### III. CONCLUSION

For these reasons, I conclude Hallingshead has not met his burden of demonstrating that a modification of his sentence would be consistent with applicable federal law. Therefore, I deny his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 106).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge